NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MARIA BETTY GUZMAN MONSALVE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 18-1945 (SRC)

**OPINION**

## CHESLER, District Judge

This matter comes before the Court on the appeal by Plaintiff Maria Betty Guzman Monsalve ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning May 21, 2013. A hearing was held before ALJ Karen Shelton (the "ALJ") on August 22, 2016, and the ALJ issued an unfavorable decision on September 27, 2016, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of September 27, 2016, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual

functional capacity to work at all exertional levels, with certain non-exertional limitations, particularly a limitation to simple tasks. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

After briefing in this case was completed, the Third Circuit issued its precedential decision in Hess v. Comm'r Soc. Sec., 931 F.3d 198 (3d Cir. 2019). The Court Ordered the parties to submit supplementary briefing on the impact, if any, of the Hess decision on this case.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds: 1) the ALJ failed to include any limitations from Plaintiff's schizoaffective disorder in the residual functional capacity determination; 2) the ALJ improperly rejected both the opinions of treating physicians and the reports from Plaintiff's family; 3) the ALJ erred in finding that Plaintiff had not been treated with psychotherapy; and 4) the ALJ improperly questioned the motive for Plaintiff's suicide attempt.

Plaintiff first argues that the ALJ erred by failing to include any limitations from Plaintiff's schizoaffective disorder in the residual functional capacity determination. The Court agrees that this is problematic. In reviewing the evidence at step four, the ALJ reported the ample evidence of serious psychiatric symptomatology, including hallucinations, delusions, and other indicators of psychotic thinking. The ALJ, however, did nothing more with this evidence: she reported it, but did not address it and, as Plaintiff contends, the residual functional capacity determination does not reflect it. The ALJ gave no explanation of any reasons for rejecting or

2

discounting this evidence.

It is challenging to find the correct label for the ALJ's error here. The ALJ did report the evidence of psychotic thinking, and so it was not completely ignored or overlooked, but it was overlooked when formulating the residual functional capacity determination. On this record, this Court cannot conclude that the residual functional capacity determination is supported by substantial evidence, when it has such a conspicuous omission.

This is not, however, the only problem with the evidentiary support for the residual functional capacity determination. At step four, the ALJ reviewed the opinions of the medical experts, and gave little weight to all of them with the exception of state agency reviewer Dr. Lintott, and Dr. Bram, the supervisor who affirmed Dr. Lintott's opinion. The ALJ's discussion of Dr. Lintott's opinion manifestly contradicts itself. What follows is the ALJ's treatment of Dr. Lintott's opinion, in its entirety:

> In the initial determination, Monica Lintott, Ph.D. opined that the claimant's mental impairments render her mildly limited in activities of daily living and moderately limited in social functioning and concentration, persistence or pace. Specifically, Dr. Lintott found that the claimant can follow simple instructions; sustain pace, persistence, concentration and attention; and relate and adapt to work-like situations.

(Tr. 35.) This plainly contradicts itself: it cannot be true both that Plaintiff has moderate limitations in concentration, persistence, or pace and can also "sustain" those functions.

To complicate matters, the same contradiction appears in Dr. Lintott's report. Dr. Lintott rated Plaintiff as "moderately limited" in terms of "[t]he ability to maintain attention and concentration for extended periods" and "the ability to complete a normal workday and workweek without interruptions . . . and to perform at a consistent pace . . ." (Tr. 97.) In the summary section, however, Dr. Lintott wrote: "Clmt can follow simple instructions, sustain pace,

3

persistence, concentration and attention." (Tr. 98.) It appears that the ALJ reported Dr. Lintott's opinions accurately, but failed to notice that they are contradictory. The ALJ then accorded one of the opinions great weight and disregarded the other without explanation. Because the ALJ gave little weight to every other medical opinion discussed, Dr. Lintott's contradicted opinion about Plaintiff's ability to sustain concentration, persistence and pace became the crucial piece of evidence supporting the ALJ's residual functional capacity determination. Unfortunately, Dr. Lintott also stated the opposite opinion at the same time. On this record, this Court cannot conclude that the ALJ's residual functional capacity determination is supported by substantial evidence. Rather, as the record stands, it appears to be supported only by one statement in a problematic report that contains uncorrected contradictions and errors. That does not constitute substantial evidence.

Given this decision, the Court need not reach the issue of the application of Hess to this case. Having found that the residual functional capacity determination is not supported by substantial evidence, the Court need not consider the adequacy of the hypothetical at step five.

Plaintiff is correct that the residual functional capacity determination is not supported by substantial evidence. For this reason, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                              s/ Stanley R. Chesler
                                              STANLEY R. CHESLER, U.S.D.J.

Dated: October 8, 2019